**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>ETOURANDTRAVEL, INC.,<br><br>        Defendant. | Case No.  2:16-CV-02229-SB<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Ondra Mbazomo ("Plaintiff") and Defendant Etourandtravel, Inc. ("Defendant"), the parties to the above-entitled action (collectively, the "Parties"), submit this Joint Rule 26(f) Report pursuant to the Court's September 20, 2016 Order Requiring Joint Status Report (ECF No. 3). The parties have conducted their Rule 26(f) conference.

**A.     Brief Summary Of The Claims**

    **1. Plaintiff's Statement**

Defendant Etourandtravel, Inc. is in the business of making persistent, unwanted telemarketing calls to consumers and refusing to take "no" for an answer. Online consumer complaint boards are rife with descriptions of Defendant's harassing calls, such as the following:

- "They have called for days on end, several times a day. Have blocked this number and area code 407 since I don't know anyone in that area. But somehow they are [still] getting through."

- "It is a company named E Tour and Travel. They magically speak back if you do not sound angry, identify yourself, and seem interested in what they are pitching. This is a DIRTY DIRTY company. You should look them up now that you have their information. They call me two to three time per day EVERY DAY! I have told them repeatedly to quit calling me. I ignore them most of the time but this has been going on for over three years now. I am about to seek legal council [sic]. I suggest you all do the same. Everyone needs to teach telemarketing companies that they cannot harass people."

- "Called to offer a discounted trip to Myrtle Beach. Insisted on no, didn't want to be rude and hang the phone up. I probably just should have. Finally at 10 minutes of saying no, he hung up on me. This company has called before and I fell for the scam. They gave me a really hard time about giving back $500 dollars I gave them."

(Complaint, ¶ 17.)

Defendant and its corporate officers have been sued in numerous other lawsuits alleging violations of the Telephone Consumer Protection Act ("TCPA") or state laws barring deceptive telemarketing practices—including in an action brought by the Tennessee State Attorney General

in 2013.[1]  Unfortunately, these prior lawsuits have not been enough to persuade Defendant to change its ways.

Plaintiff Ondra Mbazomo, a resident of Sacramento, is a recent victim of Defendant's harassing telemarketing practices.  Defendant kept sending unsolicited, automated calls to her cellular telephone, despite Ms. Mbazomo's requests to stop.  Fed up with the calls, Ms. Mbazomo commenced this action alleging violations of the TCPA, and is seeking a putative class action with the hope that doing so will help finally bring an end to Defendant's harassing business practices.

### 2.  Defendant's Statement

Defendant ETourandTravel, Inc. denies the allegations and claims in the Complaint and as summarized above, denies that the lawsuits referenced in footnote 1 have any bearing on this action, and further disputes that this case can be certified as a class action.  Further, on November 9, 2016, Defendant filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) based on Plaintiff's lack of standing to pursue her claims under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016).

### B.       Status Of Service Upon All Defendants

Defendant was served on September 21, 2016.

### C.       Possible Joinder Of Additional Parties

The parties do not anticipate the joinder of additional parties at this time.

### D.       Contemplated Amendments To The Pleadings

Plaintiff does not anticipate any amendments at this time.

### E.       Statutory Basis Of Jurisdiction And Venue

#### 1.  Plaintiff's Statement

This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a)

---

[1] *Smith v. Etourandtravel, Inc.*, N.D. Ga. Case No. 4:16-cv-00304 (filed Oct. 19, 2016); *Gonzalez v. Etourandtravel, Inc. et al.*, M.D. Fla. Case No. 6:13-cv-827 (filed May 29, 2013); *State of Tennessee v. Escapes, Inc. et al.*, E.D. Tenn. Case No. 2:13-cv-00343 (filed Dec. 30, 2013); *Gratt v. Etourandtravel, Inc. et al.*, E.D.N.Y Case No. 1:06-cv-1965 (filed April 27, 2006).

1   there are 100 or more members in the proposed classes; (b) some members of the proposed classes

2   have a different citizenship from Defendant; and (c) the claims of the proposed class members

3   exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C.

4   § 1332(d)(2) and (6).

5   This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this

6   action involves violations of a federal statute, the TCPA.

7   Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts

8   significant business within this District, Plaintiff resides within this District, and a substantial part

9   of the events giving rise to Plaintiff's claims took place within this District.

10   **2.  Defendant's Statement**

11   Other than as set forth in Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)

12   for lack of standing, Defendant does not dispute jurisdiction and venue in this Court at this time.

13   **F.  <u>Anticipated Discovery And Scheduling Of Discovery</u>**

14   All information requested under Section F of the Court's September 20, 2106 Order

15   Requiring Joint Status Report ("the Order") is provided below.  For the Court's convenience, the

16   Parties also attach a Proposed Schedule of Pretrial and Trial Dates as Exhibit A to this Joint Report,

17   which chronologically lists all dates requested in Sections F-H of the Order.

18   **1.  <u>What Changes, If Any, Should Be Made In The Timing, Form, Or</u>**
19   **<u>Requirements For Disclosures Under Rule 26(a), Including A Statement As</u>**
     **<u>To When Disclosures Under Rule 26(a)(1) Were Made Or Will Be Made</u>.**

20   **i.  Plaintiff's Statement**

21   No changes to the timing, form or requirements for disclosures under Rule 26(a) are

22   warranted.  Plaintiff served her initial disclosures via U.S. mail on November 18, 2016.  Plaintiff's

23   position is that Defendant's initial disclosures should be served on November 21, 2016, although

24   she is amenable to a reasonable extension of time for service.  For the reasons set forth in Section

25   F(2)(i) below, however, deferring service until resolution of the pending motion to dismiss is

26   unreasonable and contrary to the law.  Moreover, the burden of drafting and serving initial

27   disclosures is nominal.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ii.   Defendant's Statement

Pursuant to Rule 26(a)(1)(C), Defendant objects to serving its Rule 26(a)(1) disclosures before the Court rules on its pending, potentially case-dispositive, motion to dismiss, and proposes that the deadline be adjusted such that the disclosures are due 21 days after the Court's ruling on that motion, consistent with Defendant's proposal in Section F(2)(ii) below.

**2.   The Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases.**

### i.   Plaintiff's Statement

Plaintiff will seek discovery on the following topics, among others: (1) Defendant's records concerning Plaintiff, if any; (2) methods by which Defendant procures telephone numbers to call people for telemarketing purposes; (3) the nature of Defendant's telephone dialing equipment; and (4) the number and identity of other people who have received unsolicited calls from Defendant during the class period.  As set forth below, Plaintiff proposes that all discovery be completed by February 2, 2018.  There is no need to phase discovery in this matter.

Plaintiff also opposes Defendant's request that discovery be stayed indefinitely until the Court rules on Defendant's pending motion to dismiss, for the following three reasons:

First, the parties conducted their Rule 26(f) conference, discovery is now open, and any request to stay discovery should be made, if at all, on a noticed motion.  Filing a Joint Rule 26(f) Report is not the proper procedure for seeking relief from discovery obligations.

Second, Defendant's request to stay discovery is contrary to the law.  "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.*  Hence, "district courts look unfavorably upon . . . blanket stays of discovery" like the one Defendant now proposes. *Miejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011).

A stay pending resolution of a motion to dismiss is warranted only where the complaint is so defective on its face that it is "clear and convincing" that the moving party will prevail on its motion. *Seven Springs Ltd. v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *4 (E.D. Cal. Apr. 18, 2007). Here, Defendant's motion to dismiss is based on the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), but Defendant also acknowledges in its motion to dismiss that other courts have denied motions to dismiss based on the same standing arguments it makes here, including a decision from this district. *See*, *e.g.*, *Hewlett v. Consolidated World Travel, Inc.*, 2016 WL 4466536, at *1-3 (E.D. Cal. Aug. 23, 2016) (rejecting argument that the complaint failed to adequately allege standing consistent with *Spokeo*). The mere hope by Defendant that this Court will reach a contrary conclusion does not meet the "clear and convincing" standard required under the law.

Third, staying discovery would prevent the productive advancement of this case while the parties wait for a decision on the pending motion. Without discovery, the parties cannot effectively evaluate whether an early settlement is warranted, and thus a stay could needlessly lengthen these proceedings. Further, "discovery would not be wasted even if the Motion to Dismiss is granted since [Plaintiff] could utilize the discovery responses to prepare an amended pleading." *San Francisco Tech. v. Kraco Enterprises LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011).

### ii.    Defendant's Statement

Subject to the Court's ruling on Defendant's pending motion to dismiss, Defendant currently intends to seek discovery regarding the factual allegations set forth in the Complaint, as well as all bases for the class allegations in the Complaint. In the interest of judicial economy and conservation of resources, however, Defendant proposes that no discovery be conducted until after the Court rules on its pending, potentially case-dispositive motion to dismiss. Defendant's proposal to stay discovery is not made for purposes of delay. Plaintiff will suffer no prejudice during the proposed stay, and Plaintiff has not indicated that she needs any discovery for purposes of the pending motion. The Court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Staying discovery during the pendency of the motion to dismiss

furthers the goal of efficiency for the Court and the parties.  Further, Defendant proposes that the discovery schedule begin to run from the date the Court issues its order on Defendant's motion to dismiss, as set forth below.  At this time, Defendant does not see a need to phase discovery.

**3.   What Changes, If Any, Should Be Made In The Limitations On Discovery Imposed Under The Civil Rules And What Other Limitations, If Any, Should Be Imposed.**

The parties do not currently propose any changes in the limitations on discovery imposed under the Civil Rules, but reserve the right to seek such changes at a later date if needed.

**4.   The Timing And Disclosure Of Expert Witnesses And Information Required By Rule 26(a)(2).**

**i.   Plaintiff's Statement**

| | |
|---|---|
| Disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2) | November 17, 2017 |
| Disclosure of rebuttal expert witnesses | December 31, 2017 |

**ii.   Defendant's Statement**

| | |
|---|---|
| Disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2) | 90 days after the Class Certification Ruling |
| Disclosure of rebuttal expert witnesses | 135 days after the Class Certification Ruling |

**5.   Proposed Dates for Discovery Cut-Off.**

**i.   Plaintiff's Statement**

| | |
|---|---|
| Cut-off date for non-expert discovery | February 2, 2018 |
| Cut-off date for expert discovery | February 2, 2018 |

**ii.   Defendant's Statement**

| | |
|---|---|
| Cut-off date for non-expert discovery | 5 months after Class Certification Ruling |
| Cut-off date for expert discovery | 7 months after Class Certification Ruling |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**G.     Proposed Dates By Which All Non-Discovery Motions Shall Be Filed**

**1.   Plaintiff's Statement**

Plaintiff proposes the following schedule:

| | |
|---|---|
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | July 14, 2017 |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | August 18, 2017 |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | September 22, 2017 |
| Last day to file dispositive motions | February 23, 2018 |

**2.   Defendant's Statement**

| | |
|---|---|
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | 8 months after the MTD Ruling |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | 10 months after the MTD Ruling |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | 11 months after the MTD Ruling |
| Last day to file dispositive motions | 60 days after expert discovery cut-off |

**H.     Proposed Dates For Final Pretrial Conference And Trial**

**1.   Plaintiff's Statement**

| | |
|---|---|
| Pre-Trial Conference Date | March 23, 2018 |
| Trial Date | April 23, 2018 |

**2.   Defendant's Statement**

| | |
|---|---|
| Pre-Trial Conference Date | 30 days after date dispositive motions are set for hearing |
| Trial Date | 30 days after Pre-Trial Conference Date |

**I.      Estimated Length Of Trial And Whether Any Party Has Demanded A Jury**

**1.  Plaintiff's Statement**

Plaintiff anticipates that a trial in this action would take 4-5 days.  Plaintiff has demanded a jury trial.

**2.  Defendant's Statement**

Defendant currently anticipates that a trial in this action would take 5-7 days.

**J.      Appropriateness Of Special Procedures**

At this time, the parties do not believe that this case is suitable for special procedures such as reference to a special master or an agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. 636(c).

**K.      Proposed Modifications of Standard Pretrial Procedures**

At this time, the parties do not propose any modifications to standard pretrial proceedings.

**L.      Statement Of Related Cases**

At this time, the parties are unaware of any related cases.

**M.      Prospects For Settlement**

**1.  Plaintiff's Statement**

Although Plaintiff is generally amenable to engaging in settlement discussions, such discussions are unlikely to be productive until sufficient discovery is completed.

**2.  Defendant's Statement**

In Defendant's view, discussions regarding class settlement would be premature at this time.

**N.      Defendant's Corporate Statement**

Defendant ETourandTravel, Inc. is wholly owned by Festiva Development Group, Inc., which is wholly owned by Zealandia Holding Company, Inc.  No publicly held company owns 10% or more of ETourandTravel, Inc.'s stock.

**O.      Other Matters**

None.

1  Dated: November 21, 2016                    **BURSOR & FISHER, P.A.**

2

3                                              By:   */s/ Joel D. Smith*
                                                     Joel D. Smith

4                                              L. Timothy Fisher (State Bar No. 191626)
                                               Joel D. Smith (State Bar No. 244902)
5                                              Annick M. Persinger (State Bar No. 272996)
                                               Yeremey O. Krivoshey (State Bar No.295032)
6                                              1990 North California Blvd., Suite 940
                                               Walnut Creek, CA  94596
7                                              Telephone: (925) 300-4455
                                               Email:  ltfisher@bursor.com
8                                                         apersinger@bursor.com
                                                          ykrivoshey@bursor.com
9

10                                             **HANSON BRIDGETT LLP**

11

12                                             By:   */s/ Megan Oliver Thompson*
                                                     Megan Oliver Thompson

13

14                                             John T. Cu (State Bar No. 207402)
                                               Megan Oliver Thompson (State Bar No. 256654)
15                                             Geoffrey R. Pittman (State Bar No. 253876)
                                               425 Market St., 26th Floor
16                                             San Francisco, CA 94105
                                               Telephone:  (415) 777-3200
17                                             Email:  jcu@hansonbridgett.com
                                                         moliverthompson@hansonbridgett.com
18                                                       gpittman@hansonbridgett.com

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT A

2

PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Initial Disclosures | November 21, 2016 | 21 days after the MTD Ruling |
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | July 14, 2017 | 8 months after the MTD Ruling |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | Aug. 18, 2017 | 10 months after the MTD Ruling |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | Sept. 22, 2017 | 11 months after the MTD Ruling |
| Disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2) | November 17, 2017 | 90 days after the Class Certification Ruling |
| Disclosure of rebuttal expert witnesses | December 31, 2017 | 135 days after the Class Certification Ruling |
| Cut-off date for non-expert discovery | February 2, 2018 | 5 months after the Class Certification Ruling |
| Cut-off date for expert discovery | February 2, 2018 | 7 months after the Class Certification Ruling |
| Last day to file dispositive motions | February 23, 2018 | 60 days after expert discovery cut-off |
| Pre-Trial Conference Date | March 23, 2018 | 30 days after date dispositive motions are set for hearing |
| Trial Date | April 23, 2018 | 30 days after Pre-Trial Conference Date |