UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ETOURANDTRAVEL, INC.,<br><br>    Defendant. | No. 2:16-cv-02229-SB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant Etourandtravel's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss, ECF No. 8. The Court has also considered Plaintiff's response and Defendant's reply. For the reasons below, the Court **DENIES** the motion.

## BACKGROUND

The following factual allegations are assumed true and construed in the light most beneficial for Plaintiff. Plaintiff Ondra Mbazomo alleges that throughout May 2016 she received ten telephone calls from Defendant Etourandtravel on her cell phone. She has never reached out to Defendant, never gave them her phone number, and never consented to receive such calls. Plaintiff requested Defendant cease calling her on several occasions, but the calls did not stop. Plaintiff alleges that fielding these phone calls caused her the following harms: involuntary

**ORDER DENYING MOTION TO DISMISS ^ 1**

telephone and electrical charges; aggravation; nuisance; waste of time and invasion of privacy; and invasion of statutory rights. Plaintiff subsequently filed suit before this Court under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## STANDARD

Article III of the federal constitution makes clear that a party must have standing in order to bring a live "case or controversy" before a federal court. *Spokeo v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547 (2016). Without such standing, there is no jurisdiction enabling the court to hear the case; thus, a Rule 12(b)(1) motion to dismiss for lack of jurisdiction is the proper vehicle to attack a lack of standing. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000).

In order to show standing and survive a motion to dismiss, plaintiffs must show that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Hewlett v. Consol. World Travel, Inc.*, No. CV 2:16-713 WBS AC, 2016 WL 4466536, at *1 (E.D. Cal. Aug. 23, 2016) (citing *Spokeo*, 136 S. Ct. at 1547). Plaintiff must allege facts which show by a preponderance of the evidence that jurisdiction is established. *Id.* Defendant only challenges the injury in fact element.[1]

## DISCUSSION

*Injury in Fact.* This element is established when a plaintiff alleges that "he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*,

---

[1] Because Plaintiff alleges Defendant made the offending phone calls, and because the TCPA provides for statutory damages, there is no need to inquire into the second and third elements of standing.

**ORDER DENYING MOTION TO DISMISS ^ 2**

136 S. Ct. at 1547. Plaintiff's alleged harm is certainly legally protected—Plaintiff filed this suit under the TCPA, which creates a private cause of action for plaintiffs aggrieved by improper telemarketing phone calls. And there is no doubt the alleged harm is particularized, as Plaintiff alleges she personally suffered the injuries in question. *See Smith v. Microsoft Corp.*, Civ. No. 11–1958 JLS BGS, 2012 WL 2975712, at *6 (S.D. Cal. July 20, 2012). Defendant admits that the calls in issue could be considered particularized. ECF No. 8-1 at 5:1-5.

      The Court concludes that Plaintiff's alleged harm is sufficiently concrete to survive the motion to dismiss. The history of sustaining claims against both unwelcome intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely "harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit." *Spokeo*, 136 S. Ct. at 1549-50. By passing the TCPA, Congress exercised its judgment in elevating the receipt of unwelcome telemarketing calls to the status of a cognizable injury. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Further, the weight of authority holds that allegations of nuisance and invasions of privacy in TCPA actions are concrete. *See, e.g.*, *Hewlett*, 2016 WL 4466536, at *2; *Cour v. Life360, Inc.*, Civ. No. 16-805 TEH, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016); *Booth v. Appstack, Inc.*, Civ. No. C13-1533 JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 24, 2016); *Meyer v. Bebe Stores, Inc.*, Civ. No. 14-267 YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015).

      The Court also concludes that the decision in *Romero v. Dep't Stores Nat'l Bank*, ___ F.3d ___, No. 15-CV-193-CAB-MDD, 2016 WL 4184099, at *2 (S.D. Cal. Aug. 5, 2016) improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) and the "plausibility" standard set by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). A plaintiff need not establish the entirety of their case in chief in a complaint; rather, they must plausibly tie the alleged acts of the defendant to the alleged harms suffered.

**ORDER DENYING MOTION TO DISMISS ^ 3**

*Welchen v. Cty. of Sacramento & Kamala Harris*, No. 216CV00185TLNKJN, 2016 WL 5930563, at *2 (E.D. Cal. Oct. 11, 2016). Additionally, the *Romero* court reads requirements into the TCPA that are not plainly in the statute. *See Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2016 WL 5791411, at *1 (N.D. Cal. Sept. 1, 2016).

## CONCLUSION

Plaintiff has shown concrete, particularized, legally protected, and actual harms; she has demonstrated proper standing, granting this Court jurisdiction to hear the case. The motion is **dismissed**.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Dismiss, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of December, 2016.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO DISMISS ^ 4**