UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ETOURANDTRAVEL, INC.,<br><br>    Defendant. | No. 2:16-cv-02229-SB<br><br>**ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL AND EXTENDING DEADLINE FOR DISCOVERY** |

Before the Court is the parties' Notice of Request to Seal Documents, ECF No. 21, and Stipulation and Proposed Order Regarding (1) Extending the Deadline for Class Discovery and Plaintiff's Motion for Class Certification and (2) Resolution of "Contested Issue No. 8" in Pending Motion to Compel, ECF No. 27. For the reasons below, the Court grants the request to seal documents, enters the stipulation, and extends the deadlines for discovery and for the motion for class certification.

*Notice of Request to Seal Documents, ECF No. 21*. Plaintiff requests to file certain documents related to this motion to compel under seal. These documents include Statement of Discovery Disagreement re: Motion to Compel Production of Documents at 49:1-11; and exhibits 15-19 to the Declaration of Joel D. Smith in

Support of the Joint Statement of Discovery Disagreement re Motion to Compel, at pages 2, 4-5, 7-8, 10, and 12-18. Defendant has designated these documents and pages as confidential, because they contain "confidential, proprietary or private information for which special protection from public disclosure" is warranted. ECF No. 15 at ¶ 1(A).

When non-dispositive motions are implicated, a good cause standard applies to requests to seal information. *Davenport v. The Wendy's Co.*, No. 2:14–cv–0931 JAM DAD, 2015 WL 4913232, at *1 (E.D. Cal. Aug. 17, 2015). The Court is persuaded that Defendant's need to protect is proprietary information provides adequate cause to file the above documents under seal, and the request to file these documents under seal is **GRANTED**.

However, the Court declines to enter the parties' joint request for a protective order, ECF No. 15. Where the parties agree, as here, that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A court-issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary, however, the moving party or parties must demonstrate good cause exists and bears the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order. The parties appear to be

in agreement on what material is appropriate for discovery and how it should be handled. Therefore, it is unnecessary for the Court to enter such an order, and the request found at ECF No. 15 is **DENIED**.

*Stipulation and Proposed Order Regarding (1) Extending the Deadline for Class Discovery and Plaintiff's Motion for Class Certification and (2) Resolution of "Contested Issue No. 8" in Pending Motion to Compel, ECF No. 27*. The Court is reviewing the pending motion to compel as quickly as practicable. The parties stipulate, however, that more time will be needed to properly work through the Court's discovery resolutions, and that extended time will be needed for discovery and for filing Plaintiff's motion for class certification. The Court finds good cause to grant the stipulation.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Notice of Request to Seal Documents, ECF No. 21, is **GRANTED**, and the parties may file the requested documents under seal.

2. The deadline to complete discovery is extended to **September 15, 2017**.

3. The deadline to file Plaintiff's motion for class certification is extended to **September 22, 2017**. The setting of a hearing date and deadlines for filing responses and replies will follow local rule or the stipulation of the parties.

4. The parties will defer all discovery on the ATDS issue (which currently consists of Plaintiff's Document Request Nos. 4-6 and Topic Nos. 17-22 of the Amended Notice of 30(b)(6) Deposition) until after resolution of Plaintiff's motion for class certification. At such time, the parties will meet and confer to set a deadline to produce documents responsive to Plaintiff's Document Request Nos. 4-6, and to schedule a second 30(b)(6) deposition addressing the ATDS issue, unless the issue is resolved by stipulation.

5. Contested Issue No. 8 in the Parties' Joint Statement re Discovery Disagreement (Dkt. No. 22), concerning Plaintiff's Document Request Nos. 4-6, is provisionally resolved. If necessary, Plaintiff may renew her motion to compel responsive documents after resolution of her anticipated motion for class certification.

6. Defendant will not argue that the ATDS issue precludes certification of a class.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 19th day of May, 2017.

_____
Stanley A. Bastian
United States District Judge