UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated, | No. 2:16-cv-02229-SB |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO COMPEL** |
| ETOURANDTRAVEL, INC., | |
| Defendant. | |

Before the Court is Plaintiff's Notice of Motion and Motion to Compel Production of Documents and Further Responses to Interrogatories, ECF No. 20. The Court has considered the motion, ECF No. 20; Plaintiff's Notice of Request to Seal Documents, ECF No. 21; the Joint Statement Regarding the Discovery Disagreement, ECF No. 22, and the associated declarations and exhibits; the sealed documents, ECF Nos. 29 and 30; Plaintiff's Request for Judicial Notice, ECF No. 23; and Plaintiff's Request for Leave to File Response to Brannon Declaration, ECF No. 25.

Fully briefed of the issues, the Court **GRANTS** the motion, orders the production of discovery as described in detail below, and declines to order the award of costs and fees in preparing this motion.

//

## BACKGROUND

On September 19, 2016 Plaintiff Ondra Mbazomo filed this case under the federal Telephonic Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, alleging that Defendant ETourandTravel, Inc. illegally telephoned her using an autodialier or an artificial or pre-recorded voice. Plaintiff filed the case as a putative class action. Defendant moved to dismiss the case on November 9, 2016 and the Court denied the motion on December 8, 2016.

The Defendant properly answered and the parties entered a stipulated protective order, which the Court declined to enter itself. An initial scheduling conference occurred on January 23, 2017 where the Court ordered discovery to ensue and set a timeline for a motion for class certification to be filed. The parties met and conferred on several discovery disputes over the month of March 2017. Plaintiff filed the instant motion to compel on March 28, 2017.

The parties jointly requested that several documents be filed under seal, and jointly filed their Joint Statement Regarding the Discovery Dispute, ECF No. 22. Plaintiff also requested that judicial notice be taken of an allegedly relevant discovery order before the United States District Court for the Middle District of Florida.

Finally, while this motion was pending before the Court, the parties resolved Discovery Dispute No. 8 and stipulated to the extension of the discovery deadline and the deadline to file the forthcoming motion for class certification. *See* ECF Nos. 27 (proposing extensions) & No. 28 (ordering the extension).


## STANDARD

After the 2015 amendments to the Federal Rules of Civil Procedure,

[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (quoting Fed. R. Civ. P. 26 Advis. Comm. Notes 2015 Amends.)). In a class action case, "[p]recertification discovery lies entirely within the court's discretion." *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *3 (S.D. Cal. May 9, 2017) (citing Fed. R. Civ. P. 23). *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)) ("District courts have broad discretion to control the class certification process.").

Though in some cases and before some courts discovery may be initially limited to "certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class," *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)), the Court is fully within its discretion to set either bifurcated or non-bifurcated discovery schedules in class action cases. *McEwan v. OSP Grp., L.P.*, No. 14-CV-2823-BEN (WVG), 2016 WL 1241530, at *2 (S.D. Cal. Mar. 30, 2016). *See also True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) ("The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the

trial court."). Indeed, "[f]acts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case." *Gusman*, 298 F.R.D. at 595 (citing *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 349 (2011)).

## DISCUSSION

*Request for Judicial Notice, ECF No. 23*. Because exhibits 11 and 12 were filed with the Joint Statement, the Court takes judicial notice of them. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"). Plaintiff argues that in another case, *Gonzalez v. ETourandTravel*, M.D. Fla. 6:13-cv-827, a judge granted a similar motion to compel. However, because the order in question is not binding on this Court, and presented in a different posture, consideration of the *Gonzalez* order made no effect on the Court's determinations below.

*Request for Leave to File Response to Declaration of Adam Brannon in Support of Defendant's Position in Joint Statement Re: Discovery Disagreement, ECF No. 25*.

Local Rule 251(c) of the United States District Court for the Eastern District of California (construing Fed. R. Civ. P. 37) holds that *"[a]ll arguments and briefing* that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, *and no separate briefing shall be filed*." (emphasis added). Defendant filed a separate declaration authored by Adam Brannon on April 14, 2017, which purports to address issues of burdensomeness raised in the Joint Statement, ECF No. 22. Plaintiff argues this is in violation of Local Rule 251(c), and asks that the Court not consider the document. In her Request for Leave to File Response, Plaintiff asks in the alternative that if the Court considers the affidavit filed by Mr.

Brannon, that she be allowed to file a rebuttal affidavit to contest the factual offerings from Defendant.

A prior ruling in this district indicates the affidavit should not be considered: "[B]y filing a separate Memorandum of Law, and separate declarations in support of its motion, [a different] defendant was not in compliance with E.D. Cal. R. 251, which permits only the filing of (1) the Notice, and (2) a Joint Statement, and no other documents. The Joint Statement . . . would include all the documents which defendant, improperly, filed separately." *Andrews v. Pride Indus.*, No. 2:14-CV-2154 KJM AC, 2016 WL 366394, at *1 (E.D. Cal. Jan. 29, 2016) (declining to consider separate filings). Thus, the Court will not consider the Brannon affidavit, and will not allow Plaintiff to submit her own affidavit.

*Discovery Disputes 1—11, ECF No. 22*. The Court proceeds to decide each of the eleven discovery disagreements the parties have presented, in accord with the above conclusions surrounding what materials to use in analyzing the disputes.

1. Discovery Issue #1: This dispute is an umbrella challenge to Defendant's allegedly boilerplate discovery objections regarding confidentiality; burden; vagueness; and relevance. The specific objections to particular numbered issues will be discussed in detail below; these summaries provide the Court's overall conclusions on the global objections.

A. Confidentiality. Defendant objects to the disclosure of names and telephone numbers of potential class members on privacy grounds. Plaintiff further points out that the parties have signed a protective order, while Defendant argues that that protective order has not been, and will not be, signed by the Court.

"[T]he right of privacy is not absolute and may be subject to invasion depending on the circumstances. Thus, privacy concerns are not an absolute bar to

discovery, but instead are subject to the balancing of needs." *Burgess v. Wm. Bolthouse Farms Inc.*, No. 08-CV-1287LJOGSA, 2009 WL 4810170, at *3 (E.D. Cal. Dec. 8, 2009). The requesting party must bear the burden of showing that the need for the information outweighs the privacy right involved. *Rangel v. Am. Med. Response W.*, No. 1:09-cv-01467 AWI GSA, 2010 WL 5477675, at *3-4 (E.D. Cal. Dec. 30, 2010).

In determining TCPA actions, California federal courts routinely hold that name and telephone number disclosures do not present a serious privacy invasion. *See, e.g.*, *Thrasher v. CMRE Fin. Servs., Inc.*, 2015 WL 1138469, at *3 (S.D. Cal. Mar. 13, 2015). In contrast, Plaintiff's need to establish class certification via the disclosure of these names and telephone numbers is essential to her case. Plaintiff has shown that her needs to pursue class action status outweigh this minimal privacy right.

Further, the Court's refusal to grant the request to enter the protective order does not limit its effectiveness as signed by the parties. The Court concludes that confidentiality concerns do not limit the requested discovery. *See Wiegele v. FedEx Ground Package Sys.*, No. 06–CV01330–JM(POR), 2007 WL 628041, at *2, (S.D. Cal. Feb. 8, 2007) ("[B]efore class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.").

B. Burden. Plaintiff objects to what she considers insufficiently detailed discovery grounds on the grounds of burden. Plaintiff raises three arguments. First, Defendant's objections are not specifically factual, nor shown by affidavit or evidence. *See, e.g.*, *Sullivan v. Personalized Media Comms.*, LLC, No. 16-mc-80183-MEJ, 2016 WL 5109994, at *3 (N.D. Cal. Sept. 21, 2016). Plaintiff states Defendant had the opportunity to secure such an affidavit during their lengthy

meet-and-confer obligations. As discussed above, Defendant eventually filed the affidavit, but the Court finds it untimely and in violation of the local rule.

Plaintiff also argues that Defendant's burden objections are raised only through a nested argument related to relevance. Specifically, Plaintiff argues that Defendant objected to discovery requests because those requests were "overbroad and unduly burdensome *insofar as [they] request[] documents that are not relevant to the parties' claims or defenses.*" ECF No. 22 at 11:21-24. In essence, Defendant objected that the requests were burdensome because they were irrelevant. As a result, Plaintiff claims Defendant has waived any ability to make a burden objection independent of the existing relevance objection. Finally, Plaintiff argues that Defendant takes inconsistent positions arguing that some requested material is both needed to establish defenses, and simultaneously too burdensome to produce.

Defendant responds that particular burden objections are largely based on the argument that it is overly burdensome to produce discovery related to merits claims during the class certification discovery phase of a bifurcated discovery process. To Defendant, this adequately explains why some information in their possession may be relevant to establishing defenses on the merits, yet burdensome to produce in the class certification stage.

As discussed below, the Court concludes that merits and class certification discovery may ensue. Due to the particularity of these requests, there is no overarching conclusion for the Court to reach on the issue of burdensomeness. The Court makes individualized rulings on specific discovery disputes below.

C. Vagueness. Plaintiff objects to Defendant's vagueness objections, including phrases "you"; "third parties"; "calls"; "relating to"; and "database." Defendant responds that "you" and "your" were defined to include parties other than Defendant; this rendered the request vague because Defendant can only

respond on its own behalf. Defendant also argues that "database" was vague when styled in capitals (as in "DATABASE").

"A request is sufficiently clear if it places the party upon reasonable notice of what is called for and what is not." *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, No. 1:14-cv-01445-JLT, 2016 WL 3538251, at *1 (E.D. Cal. June 29, 2016)*; see also* Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (Rev. #1 2011) Discovery, para. 11:1886 ("The apparent test is whether a respondent of average intelligence would know what items to produce."). Parties must produce documents under the control of the party's attorney. *Meeks v. Parson*, No. 08-50246, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009).

The Court concludes that use of the term "DATABASE" is sufficiently clear to place Defendants upon reasonable notice what information Plaintiff seeks. A person of average intelligence would conclude that Plaintiff's sought electronically-stored collections of information. A review of the discovery material shows that most operative discovery words were styled in capital letters in the requests. Capitalizing "PERSONS" does not render the term vague, for example.

Further, the terms "YOU" and "YOUR" are not vague. Further, the inclusion of subsequent clauses including, for example, "THIRD PARTIES acting on your behalf," does not render the requests vague. Plaintiff specifically split requests between "YOU" and "YOURSELF" and third parties acting on Defendant's behalf. This bifurcation between Defendant itself, and others acting on Defendant's behalf, does not allow Defendant to object to vagueness on documents properly requested within Defendant's control; rather this split renders Plaintiff's requests less vague, as they allow Defendant to provide information properly within its control while also objecting in regards to information in the hands of third parties. The Court finds the blanket vagueness objections meritless.

1    D. Relevance. Defendant makes numerous objections on the grounds of
relevance; including broader objections that discovery requests are not relevant to
claims or defenses, or narrower objections that some requested documents are not
relevant to the issue of class certification in a bifurcated discovery schedule
(implying the requests would be meritorious at a merits discovery phase).

Distinguishing between class certification discovery and merits discovery would
be a thorny issue, and Defendant points out that these objections "make up a
significant portion of this dispute." ECF No. 22 at 15:7-8. The Court, however,
has not specifically stated that discovery would be bifurcated, and here explicitly
rules that discovery will not be bifurcated in this case.

"Arbitrary insistence on the merits/class discovery distinction sometimes
thwarts the informed judicial assessment that current class certification practice
emphasizes." 21.14 PRECERTIFICATION DISCOVERY, MANUAL COMPLEX LIT.
§ 21.14 (4th ed.). Indeed, the Manual of Complex Litigation recommends some
merits discovery during the precertification phase when a large case is involved.
*Id.* Further, Defendants did not request that discovery be bifurcated during their
initial discussions with Plaintiffs. ECF No. 9 at 6:3. And the Court concludes that
the discovery information sought is the sort that overlaps the merits/class
certification distinction. As a result, the Court orders that discovery on both class
certification and merits issues may occur.


2. Discovery Issue #2: Defendant's Call Logs, Dial Lists, Etc. Plaintiff
requested "ALL call logs, dialing lists, DATABASE(s), DOCUMENTS and/or
ESI identifying or listing the names, addresses, telephone numbers, and/or email
addresses of CALL RECIPIENTS, including historical copies of any such
DATABASES or any other DOCUMENTS showing, or which can be used in
reconstructing, the history of any such DATABASES during the CLASS
PERIOD." Defendant objected, as irrelevant for class certification, and therefore

overbroad, not proportional to the needs of the case, on privacy grounds, that "DATABASES" is ambiguous, and that the information sought is protected by attorney client privilege or other privileges.

Even if discovery had been phased, the Court agrees with the weight of authority on this matter that call logs and dialing lists are "relevant to [the] commonality" prong of the class certification inquiry. *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014). The requested list would also be relevant to Plaintiff's need to show numerosity.

*Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D. Cal. 2014), turned on a weighing of the production of admittedly relevant (under the prongs of commonality and numerosity) out-going call logs against the burden, convenience, and expense of producing a call log of twenty-two million potential class members, an undeniably massive number. *Id.* at 597-98. There is no showing that the relative burden is so high in this case, while the relevance of the information remains the same. Additionally, there is no stipulation present in this case which would render Plaintiff's need to prove these elements moot, as there was in *Gusman*. Since Plaintiff must prove this element, she should have the opportunity to conduct proportional discovery on it. Though the Court is sympathetic to the burden concerns of producing enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files reassures the Court that the request is proportional to the needs of the case, especially given that Defendant may rely on these same files to establish defenses.

As discussed above, the privacy concerns present are outweighed by Plaintiff's need, and that conclusion is unremarkable given the conclusions of other courts. Defendants are **ORDERED** to produce the materials requested through Request for Production No. 9. However, to protect the privacy rights these third parties do possess, the Court will **GRANT** Defendant's request to prohibit

Plaintiff and her counsel from contacting any person appearing on the call logs unless and until a class becomes certified in this case at a later date. The call logs and call lists produced in this case may not be used for any purpose if the motion for class certification is denied. The documents shall be unredacted.

3. Discovery Issue #3: Documents Concerning Do-Not-Call Requests. This issue encompasses Requests for Production Nos. 14, 16-17, and 19-20. Plaintiff requested "ALL DCOUMENTS and/or ESI, including but not limited to DATABASES, identifying or listing the names, addresses, telephone numbers, and email addresses of anyone who requested that YOU or any third party acting on YOUR behalf stop making automated and/or prerecorded calls to them."; "ALL internal do-not-call lists created or used by YOU (or anyone acting on YOUR behalf) during the CLASS PERIOD"; "ALL COMMUNICATIONS concerning or referencing any internal do-not-call lists created or used by YOU (or anyone acting on your behalf) during the CLASS PERIOD"; "ALL COMMUNICATIONS CONCERNING anyone who asked YOU or anyone acting on YOUR behalf to stop CALLING them during the CLASS PERIOD"; "ALL audio recordings of telephone calls to or from YOU CONCERNING REMOVAL REQUESTS or complaints about CALLS during the CLASS PERIOD."

Plaintiff argues that these discovery requests are necessary and relevant to the certification of a Do-Not-Call Class alleged in the complaint. Do-Not-Call lists also implicate Defendant's defense that it called people who consented to calls, and whether any alleged violations of the TCPA were willful or knowing. Defendant raises objections on relevancy, burden, and confidentiality. ECF No. 22 at 28:16-26. However, much of the same considerations for Discovery Issue #2 inform the Court's reasoning on this issue. A Do-Not-Call list is relevant to the issue of consent, where plaintiffs must prove that calls were made without prior, express consent. *See, e.g.*, 47 U.S.C. § 227(b)(1)(B). Additionally, Defendant's

stated reliance on a Do-Not-Call list to establish affirmative defenses renders the list relevant. *See* Fed. R. Civ. P. 26.

Though producing an estimated three million numbers may be burdensome, the Court concludes that the ability to produce the requested information in csv data files renders the request a proportional one. And, as discussed above, Plaintiff's need is favorably weighed against the minimal privacy concerns present. *See Thrasher*, 2015 WL 1138469, at *3. This is especially the case because the Court will order Plaintiff's counsel to restrict access and use of the produced information.

For the above reasons, the Court **ORDERS** the production of all non-privileged documents responsive to Requests for Production Nos. 14, 16-17, and 19-20. However, to protect the privacy rights these third parties do possess, the Court will **GRANT** Defendant's request to prohibit Plaintiff and her counsel from contacting any person appearing on the call logs unless and until a class becomes certified in this case at a later date. The call logs and call lists produced in this case may not be used for any purpose if the motion for class certification is denied. The documents shall be unredacted.


4. Discovery Issue #4: Documents and Communications Regarding Consent. This issue encompasses Requests for Production Nos. 25 and 42: "ALL DOCUMENTS relating to or supporting the Second Separate Defense [Consent] alleged in ¶ 44 of YOUR Dec. 22, 2016 Answer in this action."; and "ALL DOCUMENTS and COMMUNICATIONS CONCERNING the procurement of prior express written consent from anyone that YOU (or anyone acting on YOUR behalf) called during the CLASS PERIOD."

Plaintiff seeks these documents in order to counter Defendant's stated affirmative defense of consent. Plaintiff reports that the parties reached a compromise of allowing the use of search terms and ESI protocols for requested

communications, and the use of exemplars of consent records and other documents Defendant could use to establish a consent defense. Plaintiff contends this compromise was breached when Defendant offered to produce exemplars but not any documents concerning communications concerning the procurement of consent.

Defendant argues that it obtains consent through many different methods, and lists eight particular means. Because of these different means, there is no master list or database of consenting individuals. Further, Defendant argues that to prove whether any individual consented would require checking that individual's phone number in, presumably, up to eight databases.

Defendant further argues that Plaintiff's request for ESI searchable information on related documents is merits-oriented, rather than oriented to determining whether prior express consent can be established on a class-wide basis, because such requests would seek to determine whether any individual provided consent, or if the methods of consent comply with the TCPA.

The Court approves of the production of exemplars of each method Defendant will use to establish affirmative consent. The Court also concludes that the existence or use of communications regarding the proposed ESI search terms are a proportionate and reasonable compromise to identify any communications that discuss how Defendant obtains consent. Such documents are relevant for purposes of class certification.

The Court **ORDERS** that the parties shall exchange discovery on this issue as contemplated in the March 23, 2017 letter and ESI protocol (Exhibits 8 and 9 to the Joint Statement Re: Discovery Disagreement). However, to protect the privacy rights these third parties do possess, the Court will **GRANT** Defendant's request to prohibit Plaintiff and her counsel from contacting any person appearing on the produced documents unless and until a class becomes certified in this case at a later date. The call logs and call lists produced in this case may not be used for any

purpose if the motion for class certification is denied. The documents shall be unredacted.

5. Discovery Issue #5: Redacted Documents Responsive to Request for Production No. 13. Plaintiff requests "ALL lists, DOCUMENTS and/or DATABASE(s) containing the names, addresses, telephone numbers and/or email addresses of anyone known to have made complaints concerning telephone calls made to them by YOU or by any third party acting on YOUR behalf, including but not limited to complaints to YOU by mail, e-mail or telephone, complaints submitted to any government agency, complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization, or any other organization of any kind."

In this request for information on customer complaint, the parties dispute whether Defendant may turn over redacted documents that hide, as Defendant claims, complaints that are irrelevant for purposes of a TCPA claim, and that hide customer identifying information. As discussed above, the Court is convinced that producing customer names and phone numbers is routine in TCPA cases, and will follow suit here. Defendant claims it need not produce information that is not relevant to Plaintiff's claims. *See, e.g.*, *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 7158212, at *4-5 (W.D. Wash. Nov. 13, 2015). Plaintiff contends that it is improper for Defendant to unilaterally decide what evidence to redact.

The sealed redacted documents in question, ECF No. 30 at 12 (Ex. 19), do not provide clarity on whether the customer complaints are properly redacted or not, or why they were turned over if they were not relevant. In an abundance of caution, the Court orders that unredacted versions of the documents be turned over to Plaintiff to allow a good faith determination of relevancy. However, the Court

**ORDERS** that Plaintiff and her counsel be prohibited from contacting any person appearing on the unredacted customer complaints unless a class becomes certified in this case at a later date. The unredacted documents may not be used for any purpose if the motion for class certification is denied. If the unredacted documents are irrelevant to the case, Plaintiff shall destroy any physical or digital copies immediately.

6. Discovery Issue #6: Documents Responsive to Request for Production Nos. 15 and 43. Plaintiff requests "ALL DOCUMENTS, COMMUNICATIONS and/or ESI referring or relating to any and all policies, procedures and practices regarding whether and how YOU honor a CALL RECIPIENT'S request that YOU, and/or any THIRD PARTY acting on YOUR behalf, stop making automated and/or pre-recorded calls to his or her telephone and/or place him or her on YOUR internal "do not call list."; and "ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR policies and procedures for ensuring compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA'')."

Plaintiff states that Defendant has produced written policies responsive to the above requests, but objected to producing responsive emails. Defendant responds that it has produced the responsive policies, but not related email communications and audio recordings due to burden, irrelevance, and merits-based objections. Defendant states these responsive documents are related to individual requests to be placed on do-not-call lists. As discussed above, the Court did not bifurcate discovery in this matter, and neither party requested that bifurcation take place. The Court finds these requested documents relevant and **ORDERS** their production. To protect the privacy rights these third parties possess, the Court will **GRANT** Defendant's request that Plaintiff and her counsel are prohibited from contacting any person appearing on the call logs unless a class becomes certified in this case at a later date. The call logs and call lists produced

in this case may not be used for any purpose if the motion for class certification is denied.

7. Discovery Issue #7: Document Request No. 41. Plaintiff requests "ALL DOCUMENTS and COMMUNICATIONS CONCERNING the procurement of the telephone numbers that YOU (or anyone acting on YOUR behalf) called during the CLASS PERIOD." The parties disagree over whether this request is duplicative of other discovery requests. No party indicates which requests it is duplicative of. The Court finds that the request is relevant and properly sought as it seeks to determine how Defendant sought masses of phone numbers, which would tend to prove commonality and typicality. The request is also relevant to an affirmative defense of consent. Defendant is **ORDERED** to produce any documents and communications related to Document Request No. 41 not already turned over as a result of other discovery requests.

8. Discovery Issue #8: The parties have stipulated that this issue has been resolved. *See* ECF No. 27 & 28. The issue may be re-noted at a later date.

9. Discovery Issue #9: Documents and Information Concerning Third Party Sources of Phone Numbers, Interrogatory No. 11 and Requests for Production Nos. 38-39. Plaintiff asked Defendant to "IDENTIFY ALL third party companies (including affiliates, marketing companies, consultants, agents or lead generators) who provided YOU, or anyone acting on YOUR behalf, with telephone numbers or calling lists used to make any CALLS during the CLASS PERIOD." Plaintiff also sought production of "ALL contracts or agreements in which a third party company (including affiliates, marketing companies, consultants, agents or lead generators) agreed to provide YOU telephone numbers or dialing lists to CALL during the CLASS PERIOD"; and "ALL

COMMUNICATIONS with any company identified in YOUR response to Interrogatory No. 11, or with any other third party company who provided YOU telephone numbers or dialing lists to CALL during the CLASS PERIOD."

Plaintiff seeks information on third parties and affiliates who provided Defendant with phone numbers to make calls during the class period. Defendant initially stated no such affiliates or third parties existed. However, Defendant later responded that it acquires telephone numbers from affiliate hotels and from customers who provide phone numbers to Defendant through contractual documents with corporate affiliates.

Defendant responds that in each of these circumstances, customers provided their telephone numbers directly to Defendant, not through any purported third party, regardless of whether the third party is affiliated with Defendant. In Defendant's words, "ETourandTravel obtains telephone numbers from prospective customers through information provided by the customers themselves, when they provide consent to being contacted by ETourandTravel, and has not been provided call lists or telephone numbers from third parties during the class period." ECF No. 22 at 50:10-13.

However, as Plaintiff states, there is evidence that third parties are involved in the manner that Defendant obtains some of its phone numbers. *See* ECF No. 29 at 49:1-11. The issue becomes whether Defendant's acquisition of phone numbers from "hotels affiliated with ETourandTravel" and through customers "providing their telephone numbers to ETourandTravel in contractual documents with corporate affiliates," Response to Interrogatory No. 12, counts as the provision of "telephone numbers or calling lists" to Defendant, Interrogatory No. 11, and if such third party entities are acting on Defendant's behalf.

This is certainly the case. There can be no reasonable doubt that when a third party entity (whether a bricks-and-mortar hotel or an affiliated website) records a person's telephone number and transmits it to Defendant, it is acting on

Defendant's behalf to provide it with the telephone number. This is the case even if such third party entities disclose that the information will be sent to Defendant. The third party is the entity that is primarily responsible for the act of collection; without the entity's existence, the number would not be collected at all.

Defendant's argument that it understands that these requests "seek information regarding whether any call lists were purchased by or provided to [Defendant] during the putative class periods," ECF No. 22 at 50:15-16, is disingenuous. Interrogatory No. 11 clearly and plainly asks for "telephone numbers *or calling lists*" (emphasis added), and interpreting this request to ignore websites and third party affiliates that collect telephone numbers and transmit them to Defendants does not "construe [the request] liberally and with common sense." *Miller v. Panncucci*, 141 F.R.D. 292, 292 (C.D. Cal. 1992). Defendant is **ORDERED** to fully answer Interrogatory No. 11 and produce all non-privileged documents responsive to Requests for Production Nos. 38-39.

10. Discovery Issue #10: Defendant's Proposed "Rolling" Production. Plaintiff urges the Court to set a certain date for Defendant to respond to discovery requests, and Defendant responds that it indeed produced all relevant documentation by April 5, 2017. Regardless, the Court's orders above mean that more documentation will be produced. Additionally, by previous order, the Court set a new discovery deadline of September 15, 2017, and a new deadline for filing a motion to certify a class by September 22, 2017. The parties now have sufficient time to meet and confer in good faith regarding the production of the above discovery requests, and to ensure that the newly produced discovery does not prejudice any party's attempts to conduct depositions, or any party's efforts in drafting motions or responses.

//

//

11. Discovery Issue #11: Fees and Costs Pursuant To Rule 37(a)(5)(A). The Court must award reasonable expenses and attorney's fees if a motion to compel is granted, unless the non-movant's position was substantially justified or if awarding such costs and fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171-72 (9th Cir. 1994). Plaintiff provides six reasons that Defendant's position was not substantially satisfied.

1) Plaintiff argues that Defendant refused to turn over documents and information that a Florida court ordered be produced in a different case. However, that court's decisions are not binding on this court, and the discovery decision was decided in a different posture. Thus, this Court will not consider the *Gonzalez* issue.

2) Plaintiff argues that Defendant refused to produce merits-oriented discovery, insisting that a bifurcated discovery schedule existed despite not asking for bifurcated discovery in the Joint Status Certificate, ECF No. 9, and despite that the Court ordered that discovery not be bifurcated at the May 22, 2017 discovery conference or telephonic case scheduling conference.

However, the Court recognizes that the initial scheduling order was not perfectly clear on whether discovery would be bifurcated between merits issues and class certification issues. The Court decides that for this reason, Defendants carried a substantial justification in their position regarding the discovery dispute.

3) Plaintiff argues that Defendant unfairly entered privacy-based objections to many discovery requests despite signing a protective order binding between the parties in this case. Further, Plaintiff contends Defendant was arbitrary in selecting which allegedly confidential documents to withhold, indeed producing some confidential documents when it suited.

Defendant replies that its privacy objections were proper. The Court ultimately disagreed. A protective order bound the parties in this case, regardless

of whether the Court agreed to it. However, it was reasonable for Defendant to question the extant of the applicability of the protective agreement.

4) As discussed in Discovery Issue No. 9, *supra*, the Court concludes that Defendant was unreasonable in its responses to Interrogatory No. 11 and Requests for Production Nos. 38-39. Defendant was not substantially justified in this factor.

5) Plaintiff argues that Defendant unreasonably objected on the basis of burden, without evidence, and even in regard to items identified in initial disclosures and/or with intent to use in establishing defenses. The Court concludes, however, that Defendant's objection that merits-oriented discovery could be burdensome in a bifurcated discovery process was not unreasonable. However, Defendant's evidentiary affidavit was untimely, and thus no evidence was presented on the issue of burden.

6) Plaintiff argues that Defendant violated Fed. R. Civ. P. 34(b)(2)(C) by not disclosing whether it withheld documents on the basis of its objections. Defendant responds that it notified Plaintiff through meet-and-confer and supplemental responses whether it was withholding on the basis of objections. The Court considers these late responses inadequate, as Fed. R. Civ. P. 34(b)(2)(C) states that "objections" must state whether the material is being withheld on the basis of the objection, not supplemental responses. The Court concludes this behavior could reasonably lead to extra work on part of Plaintiff.

Given the above considerations, the Court concludes that Defendant was substantially justified in its discovery objections and positions and declines to order fees or sanctions.


## CONCLUSION

For the reasons above, the Court grants the motion to compel, in accordance with the orders regarding each individual discovery dispute. Because Defendant's position was substantially justified, the Court declines to order fees or costs.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion to Compel Production of Documents and Further Responses to Interrogatories, ECF No. 20, is **GRANTED**.

2. The parties are ordered to abide by the discovery decisions rendered by this Court as above.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 26th day of May, 2017.



Stanley A. Bastian
United States District Judge