**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
        jsmith@bursor.com
        ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>ETOURANDTRAVEL, INC.,<br><br>Defendant. | Case No.  2:16-CV-02229-SB<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS UNDER FED. R. CIV. P. 37(b)(2)(A)**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Date: July 10, 2017<br>Time: 6:30 p.m.<br>Courtroom:  TBD |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on July 10, 2017, at 6:30 p.m., or as soon thereafter as may be heard, Plaintiff Ondra Mbazomo ("Plaintiff"), will move and hereby does move for an order to enforce this Court's May 30, 2017 Order on Plaintiff's Motion to Compel (Doc. No. 31), and to impose appropriate sanctions under Fed. R. Civ. P. 37(b)(2)(A).  This motion is based upon this notice, the attached supporting memorandum, the supporting Declaration of Joel D. Smith and attached exhibits, the pleadings and documents contained in the Court's file on this matter, and on such other further oral and documentary evidence as may be presented at the time.

Date:  June 20, 2017

**BURSOR & FISHER, P.A.**

By:  */s/ Joel D. Smith*
       Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
       jsmith@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In the eight months since discovery began in this case, Defendant has not produced a single email, not produced documents identified in its Initial Disclosures, not produced documents relevant to its affirmative defense of consent, and not produced call logs. Plaintiff previously moved to compel. Apart from attorney's fees, the Court granted that motion in its entirety on May 30, 2017, describing Defendant's objections and arguments as "meritless," "unreasonable" and "disingenuous." May 30, 2017 Order, at 8:28; 18:5-8; 20:3-4. Promptly after the Order, Plaintiff commenced meet-and-confer efforts to set a timeframe to complete the discovery at issue in the Court's Order on the motion to compel. Three weeks later, Defendant has not produced anything, not said when it will produce anything, and failed to meet agreed upon deadlines for even the simplest of tasks.

On June 19, 2017, Plaintiff was also forced to file a motion to compel with respect to document requests that were not the subject of the Court's discovery order. That motion was filed for similar reasons as this motion: after six weeks of inquiry, Defendant still will not say when, if ever, it will produce documents that it agreed to produce.

The writing on the wall is clear: Defendant is continuing to obstruct and delay these proceedings despite the Court's order. Plaintiff therefore respectfully moves to enforce this Court's discovery order and to impose appropriate sanctions by striking Defendant's affirmative defense of consent, awarding monetary sanctions, and ordering Defendant to promptly produce its call logs and other documents that have relevance beyond Defendant's consent defense.

## II. STATEMENT OF FACTS

### A. The Court's May 30, 2017 Order Granting Plaintiff's Motion to Compel

On March 28, 2017, Plaintiff filed a motion to compel after Defendant refused to produce documents in response to a slew of discovery requests, and provided an inaccurate and incomplete answer to Interrogatory No. 11. On May 30, 2017, the Court ruled in Plaintiff's favor on every

issue except for Plaintiff's request for fees (the "Order").  (Doc. No. 31.)  Specifically, the Court compelled Defendant to produce the following:

1. <u>Discovery Issue No. 2</u>:  Produce call logs, dialing lists and similar documents concerning putative class members whom Defendant called.  *Id.* at 10:26-27 ("Defendants are ORDERED to produce the materials requested through Request for Production No. 9.")

2. <u>Discovery Issue No. 3</u>:  Produce documents related to do-not-call requests.  *Id.* at 12:10-12 ("the Court ORDERS the production of all non-privileged documents responsive to Request for Production Nos. 14, 16-17, and 19-20.")

3. <u>Discovery Issue No. 4</u>:  Produce documents and communications concerning Defendant's affirmative defense of consent, "as contemplated in the March 23, 2017 letter and ESI protocol."  *Id.* at 13:22-24.  That letter and ESI protocol contemplated Defendant producing all documents it intends to rely on in support of its consent defense, exemplars of consent language used, and further meeting and conferring with Plaintiff to conduct targeted email searches.  *See* Exs. 8-9 of Joint Stmt. Re: Discovery Dispute (Doc. No. 22-4.)

4. <u>Discovery Issue No. 5</u>:  Produce in unredacted form documents concerning complaints about Defendant's telemarketing calls.  *Id.* at 14:26-28 ("the Court orders that unredacted versions of the documents be turned over to Plaintiff to allow a good faith determination of relevancy").

5. <u>Discovery Issue No. 6</u>:  Produce email communications concerning do-not-call requests and compliance with the TCPA.  *Id.* at 1:24-25 ("the Court finds these requested documents relevant and ORDERS their production").

6. <u>Discovery Issue No. 7</u>:  Produce documents and communications concerning how Defendant obtains telephone numbers to call for telemarketing purposes.  *Id.*at 16:12-14 ("Defendant is ORDERED to produce any documents and communications related to Document Request No. 41 not already turned over as a result of other discovery requests.")

7. <u>Discovery Issue No. 9</u>:[1]  Amend Interrogatory No. 11 and produce documents and communications concerning third party companies who provided Defendant with telephone numbers or dialing lists to call.  *Id.* at 18:13-14 ("Defendant is ORDERED to fully answer Interrogatory No. 11 and produce all non-privileged documents responsive to Request for Production Nos. 38-39").

Also relevant here, one of the issues raised in Plaintiff's motion to compel was Defendant's refusal to commit to a date certain to produce documents.  As to this issue, the Court stated that because it had set a new discovery deadline (September 15, 2017), the parties "now have sufficient

---

[1] Discovery Issue No. 8 was provisionally resolved by stipulation.

MOTION TO ENFORCE ORDER AND IMPOSE SANCTIONS; CASE NO. 2:16-CV-2229-SB         2

time to meet and confer in good faith regarding the production of the above discovery requests, and to ensure that the newly produced discovery does not prejudice any party's attempts to conduct depositions, or any party's efforts in drafting motions or responses." *Id.* at 18:22-26.

   **B.**  **Defendant's Conduct After The Court's May 30, 2017 Order**

On the day of the Order, Tuesday, May 30, Plaintiff's counsel emailed Defendant's counsel asking to meet and confer regarding deadlines to complete production of the compelled discovery. Declaration of Joel D. Smith in Support of Motion to Enforce ("Smith Decl."), at ¶ 2 and Ex. 1. On Friday, Plaintiff's counsel was told that none of the attorneys representing Defendant were available to meet and confer until the following week. Defendant's counsel did not respond to Plaintiff's request to schedule a specific time for a call until Plaintiff's counsel warned that a motion to enforce would be forthcoming. *Id.* at ¶ 3 and Ex. 2. A series of bi-weekly calls then followed on June 7, 9, 14 and 16. *Id.* at ¶ 4. Each time the parties met and conferred by telephone, Plaintiff's counsel asked the same questions about when Defendant intended to produce documents and amend its interrogatory response. Each time the response was, in substance, "we'll get back to you." *See id.* at ¶¶ 4-5, 7-9. Now, three weeks after the Court's order, Defendant still has not produced any documents, not said when it will produce documents, and not said when it will amend its interrogatory response.[2] *Id.* at ¶ 10.

To be sure, there are two exceptions where Defendant agreed to complete certain discovery tasks by a date certain—but in each instance Defendant failed to produce the documents when promised. With respect to Discovery Issue No. 5, Defendant initially agreed to produce documents in unredacted form by the week of June 12—a simple task involving no burden at all. *Id.* at ¶ 5. That has not happened. *Id.* Likewise, with respect to Discovery Issue No. 4, the Court ordered the parties to use a specified ESI protocol to conduct targeted searches of email communications on the

---

[2] In light of the new discovery deadline set by the Court, Plaintiff's objective was to obtain substantial completion of document production by the end of June. That way document review and depositions could be completed in July; and expert analysis and follow up discovery (including potential third party discovery) could be completed in August and early September. That objective was reasonable because it would have given Defendant nearly a full month to produce documents that it should have produced four months earlier. Defendant's counsel balked at that schedule but proposed no alternative. *Id.* at ¶ 6.

MOTION TO ENFORCE ORDER AND IMPOSE SANCTIONS; CASE NO. 2:16-CV-2229-SB    3

issue of consent. The first step in implementing that protocol is for Defendant to identify a list of potential custodians—again, a simple task. *See* ESI Protocol, at 2:7-16, ¶ 5. Each time counsel met and conferred, Plaintiff's counsel inquired when Defendant would serve the custodian list, but Defendant's counsel had no answer. Smith Decl., at ¶¶ 5, 7-8. On June 16, after three calls, Defendant's counsel said that she would serve the list that day. To date, however, Plaintiff's counsel has received no custodian list.[3] *Id.* at ¶¶ 9-10.

The only justification for the delay offered by Defendant is that it wants to defer discovery to discuss potential resolution of the case. Plaintiff would not agree to defer discovery and repeatedly pressed Defendant for deadlines to complete discovery. *Id.* at ¶¶ 7-9 and Ex. 3 ("As discussed today and last week, I can't agree at this time to stall discovery on the documents at issue in the motion to compel, and ask again that on Friday, you provide the custodian list and potential dates in late July for depositions, with the assumption that all documents will be produced by then").

### III. ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include the following:

    i.    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

    ii.    <u>prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence</u>;

    iii.    <u>striking pleadings in whole or in part</u>;

    iv.    staying further proceedings until the order is obeyed;

    v.    dismissing the action or proceedings in whole or in part;

    vi.    rending a default judgment against the disobedient party; or

---

[3] Defendant also agreed to provide call logs on the week of June 19. On Friday, June 16, however, Defendant's counsel could not say whether Defendant was on track to produce the documents as promised, and as of the date of this motion, it remains to be seen if Defendant will honor its agreement. *Id.* at ¶¶ 7, 9-10.

    vii.    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)); *accord Singh v. Hancock Nat. Res. Grp., Inc.*, 2017 WL 710571, at *2 (E.D. Cal. Feb. 22, 2017) (explaining sanctions available under Rule 37(b)).  Plaintiff respectfully asks the Court for the following relief:

<u>First</u>, pursuant to Rule 37(b)(2)(A)(ii) and (iii), the Court should strike Defendant's Second Affirmative Defense of consent and prohibit Defendant from supporting or introducing evidence or argument concerning the consent defense.  That is an appropriate remedy where, as here, a party refuses to produce evidence concerning an affirmative defense.  *See*, *e.g.*, *Estakhrain v. Obenstine*, 2016 WL 6868179, at *12 (C.D. Cal. Feb. 29, 2016) ("the Special Master will order the affirmative defenses which remain in Defendant Obenstine's answer to the SAC shall be stricken"); *Meggitt (Orange County), Inc. v. Nie Yongzhong*, 2015 WL 1809354, at *15 (C.D. Cal. 2015) ("the Court also strikes the affirmative defense on the independent grounds of failing to comply with the Court's orders to produce Meggitt documents"); *Security Ins. Co. of Hartford v. Cibus Ins. Servs., Inc.*, 2006 WL 3388549, at *2 (E.D. Cal. Nov. 22, 2006) ("the affirmative defenses pled in the answer of defendant Jason Gamache be stricken due to his failure to comply with this court's June 27, 2006, discovery order").  The logic is straightforward:  it is inequitable for a defendant to simultaneously assert an affirmative defense, while withholding evidence relevant to that defense.

Here, Request for Production No. 25 (which was addressed by the Court in connection with Discovery Dispute No. 4), asks for "'all documents relating to or supporting the Second Separate Defense [consent] alleged in ¶ 44 of your Dec. 22, 2016 Answer in this action.'"  Order, at 12:20-22 (Doc. No. 22) (quoting Request for Production No. 25).  As the Court explained in its Order, other document requests concerning complaints, do-not-call requests, and how Defendant obtains telephone numbers also bear on Defendant's consent defense.  *See* Order, at 11:26-27; 16:11-12.

1    It is Defendant's burden to prove consent.  *See*, *e.g.*, *Capital Grant Management Servs.,*
2    *LLC*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011) ("'express consent' is not an element of a TCPA
3    plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the
4    burden of proof.").  Yet Defendant fought tooth and nail against producing evidence relevant to
5    that defense in litigating Plaintiff's motion to compel, and as shown in the Statement of Facts
6    above, Defendant continues to resist producing the evidence through foot-dragging and delay.
7    Defendant does not comply with its discovery obligations with vague assurances that it will
8    eventually produce documents at some unspecified time.  *See* Rule 34(b)(2)(B) (requiring parties to
9    "specify" when they will produce documents); *Tierno v. Rite Aid Corp.*, 2008 WL 3287035, at *4
10   (N.D. Cal. July 31, 2008) ("Judge Larson found that rolling production is not satisfactory and that
11   Rite Aid shall provide Plaintiff with a date or dates for production of documents responsive to
12   specific requests."); *Navarro v. Gen. Nutrition Corp.*, 2004 WL 2648373, at *26 (N.D. Cal. Nov.
13   19, 2004) ("it was not enough for GNC to simply promise a rolling production . . . .").  Having
14   made a tactical choice to resist producing evidence relevant to its affirmative defense, Defendant
15   should not be permitted to pursue that defense.

16   <u>Second</u>, striking Defendant's Second Affirmative Defense and barring evidence or
17   argument concerning that defense will eliminate the need for documents covered under Discovery
18   Dispute No. 4.  But Plaintiff still requires call logs, and the other discovery at issue is relevant not
19   only to consent, but also to whether Defendant engaged in willful or knowing violations of the
20   TCPA.  Accordingly, with respect to Discovery Issue Nos. 2-3, 5-7 and 9, Plaintiff asks the Court
21   to order Defendant to comply with the Order within one week of issuing an order on this motion.

22   <u>Third</u>, Plaintiff also asks for an award of attorneys' fees brought in connection with this
23   motion, in an amount to be determined once this dispute has been resolved.  *See* Fed. R. Civ. P.
24   37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to
25   pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was
26   substantially justified or other circumstances make an award of expenses unjust").  Defendant is
27   continuing to resist discovery and impose delay despite the Court's Order, demonstrating that
28

monetary sanctions are necessary to deter further noncompliance.  Plaintiff's counsel will be prepared to produce detailed time records that were prepared contemporaneously with all work done in connection with this motion.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to strike Defendant's Second Affirmative Defense of consent, bar any evidence or arguments concerning that defense, order Defendant to promptly comply with the Court's May 30, 2017 Order with respect to Discovery Issue Nos. 2-3, 5-7 and 9, and award fees incurred bringing this motion.

.

Date:  June 20, 2017

**BURSOR & FISHER, P.A.**

By:  */s/ Joel D. Smith*
       Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*