**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONDRA MBAZOMO, on Behalf of Herself and all Others Similarly Situated,<br><br>                    Plaintiff,<br>   v.<br><br>ETOURANDTRAVEL, INC.,<br><br>                    Defendant. | Case No.  2:16-CV-02229-SB<br><br>**DECLARATION OF JOEL D. SMITH IN SUPPORT OF MOTION TO ENFORCE ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS UNDER FED. R. CIV. P. 37(b)(2)(A)**<br><br>Date:   July 10, 2017<br>Time:  6:30 p.m.<br>Courtroom:  TBD<br><br>Hon. Stanley A. Bastian |

I, Joel D. Smith, declare:

1. I am a partner in the law firm of Bursor & Fisher, P.A., counsel to Plaintiff.  I make this declaration in support of Plaintiff's Motion to Enforce Order Granting Motion to Compel and for Sanctions Under Fed. R. Civ. P. 37(b)(2)(A) ("Motion to Enforce").  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. On Tuesday, May 30, 2017, I emailed Defendant's counsel asking to meet and confer over reasonable deadlines to complete production of the compelled discovery.  Attached hereto as **Exhibit 1** is a true and correct copy of that email.

3. On Friday, June 2, 2017, I received a response stating that none of Defendant's attorneys were available to meet and confer until the following week, but Defendant's counsel said that she "expect[ed] to be in position to discuss" the matters with me "early next week."  I responded the same day asking to schedule a call on the following Monday or Tuesday, but received no response until the following week after I emailed again raising the prospect of moving to enforce the Court's May 30, 2017 Order.  Attached hereto as **Exhibit 2** is a true and correct copy of the email chain reflecting those communications.  Earlier emails in the chain concerning matters unrelated to the Motion to Enforce have been excluded.

4. I participated in four telephone calls with counsel for Defendant on the following dates:  June 7, June 9, June 14 and June 16.  During each call, I had a list of categories of discovery at issue in the Court's May 30, 2017 Order on Plaintiff's motion to compel, and for each category I asked when Defendant would produce the documents, serve a custodian list, or amend Defendant's response to Interrogatory No. 11.

5. On June 7, during the parties' first teleconference, my understanding was that Defendant's counsel agreed to produce unredacted documents relevant to Discovery Issue No. 5 by the week of June 12, because that task involved no burden and would be easily accomplished.  Those documents, however, still have not been produced.  As to all other issues, Defendant was unable to commit on June 7 to producing documents or completing any other discovery tasks by

any specific date.  The parties agreed to a further teleconference on June 9 so that counsel could further discuss the issues with Defendant.

6. At the June 7 teleconference, I also stated that in light of the new discovery deadline set by the Court, Plaintiff's objective was to obtain substantial completion of document production by the end of June.  That way document review and depositions could be completed in July; and expert analysis and follow up discovery could be completed in August and early September. Defendant's counsel balked at that schedule but proposed no alternative.

7. On June 9, during the parties' second teleconference, Defendant agreed to produce call log and do-not-call lists the week of June 19, but could not say when it would produce other documents, a custodian list for the ESI, or amend its response to Interrogatory No. 11.  Defendant's counsel indicated that Defendant wished to defer further discovery to explore potential resolution of this matter.  I advised that Plaintiff would not agree to defer discovery.

8. On June 14, 2017, during the parties' third teleconference, Defendant's counsel still could not say when it would produce other documents, a custodian list for the ESI, or amend its response to Interrogatory No. 11.  Defendant again suggested deferring discovery, and again, I stated that Plaintiff would not agree to do that and continued to ask for deadlines to complete discovery.  Attached hereto as **Exhibit 3** is a true and correct copy of an email sent later in the day referring to that discussion and reiterating that Plaintiff was unwilling to defer production of the documents at issue in the motion to compel.

9. On June 16, 2017, during the parties' fourth teleconference, Defendant still could not say when it would produce documents or amend its response to Interrogatory No. 11.  As to the ESI protocol, my understanding was that Defendant's counsel agreed to serve a custodian list by email that day, but I never received a custodian list.  In addition, when asked about the status of the call logs and do-not-call lists, Defendant's counsel could not say whether Defendant was on track to produce them the following week, and again suggested that the parties put discovery on hold.  I cautioned that Plaintiff had already made her position clear on that subject, and that through its

delay, Defendant was forcing Plaintiff into a position where she would likely need to seek relief from the Court.

10. As of today, Defendant has not served any documents at issue in the Court's Order on Plaintiff's motion to compel, not amended its response to Interrogatory No. 11, not served a custodian list, and not told me when it will produce documents (other than call-logs and do-not-call lists, which may or may not be produced this week).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed June 20, 2017, at Walnut Creek, California.

                                                           */s/ Joel D. Smith*
                                                              Joel D. Smith

# Exhibit 1



Joel Smith <jsmith@bursor.com>

## Etourandtravel - deposition notices

**Joel Smith** <jsmith@bursor.com>     Tue, May 30, 2017 at 5:15 PM
To: Megan Oliver Thompson <moliverthompson@hansonbridgett.com>
Cc: "Geoffrey R. Pittman" <GPittman@hansonbridgett.com>

Megan and/or Geoffrey,

We have much to meet and confer on after today's order. Please let me know if we can schedule a call this week to get that done or at least start the process.

- deadline to complete production of the documents/email
- deadline to fully respond to Rog 11
- format of the call logs, etc.
- proposed dates for the 30(b)(6)/ Sonnone and Brannon depos
- ESI search terms
- I still have not heard back from you on documents responsive to RFP Nos. 46-47 or the screenshots
- I did receive the documents previously withheld under the settlement privilege, which I appreciate. Unfortunately, they were inadvertently redacted.

Also, attached are interrogatories. Thanks


[Quoted text hidden]

---

 **2017.05.30 4th Set if Ps Rogs to D.pdf**
46K

**Exhibit 2**

Joel Smith <jsmith@bursor.com>

## Etourandtravel - deposition notices

**Joel Smith** <jsmith@bursor.com>          Tue, Jun 6, 2017 at 9:09 AM
To: Megan Oliver Thompson <moliverthompson@hansonbridgett.com>
Cc: "Geoffrey R. Pittman" <GPittman@hansonbridgett.com>

Megan and Geoffrey,

On April 28, 2017, Defendant agreed to produce documents responsive to RFP Nos. 46 and 47. Since then, I have inquired four times about when Defendant will produce the documents: the first week of May (by telephone); May 15 (email); May 24 (email); and May 30 (email). I received no response to these inquiries.

I also inquired three times about when defendant will produce screenshots of websites: first week of May (by telephone); May 24 (email); and May 30 (email). You represented that you are working on the issue a month ago. Since then, I received no response to my inquiries.

This email therefore serves as plaintiff's request to promptly meet and confer regarding the above matters per LR 251(b).

I also have twice requested times to meet and confer to follow up on the Court's May 30 order. You represented that you would be in a position to meet early this week. I responded by requesting a time to speak yesterday or today but received no response. If defendant is unwilling to promptly provide a date/time to meet concerning the May 30 order, then this email also serves as a request per LR 251(b) in advance of a motion to enforce the order.

> On Fri, Jun 2, 2017 at 1:54 PM, Joel Smith <jsmith@bursor.com> wrote:
>
> I am very curious to hear about your issues regarding the subpoenas. Please feel free to call me today at your convenience.
>
> As for service, my understanding of our discussion and May 5 email is that when there is service by email, the regular mail is just a courtesy copy, and the email service date would control. I'm happy to discuss an alternative arrangement if you prefer.
>
> I trust that ETT has begun gathering the documents, including the ones that I have been asking about for approximately three weeks. Please let me know if there is a time we can schedule a call on Monday or Tuesday to discuss dates certain when ETT will produce them, and the ESI protocol.
>
>> On Fri, Jun 2, 2017 at 11:06 AM, Megan Oliver Thompson <moliverthompson@hansonbridgett.com> wrote:
>>
>> Joel,
>>
>> I apologize for my delay in responding. I have been out of the office on business most of this week, and am still out today, and Geoff is on vacation. I am working with my client to get back to you regarding timing and format related to the production and possible deposition dates. I expect to be in position to discuss with you early next week.

I will also be in touch about a couple issues related to the third party subpoenas I understand are being served, and hope that we will be able to resolve them without seeking court assistance.

With regard to service generally, while we agreed to email service with courtesy copies by mail, I note that your email service is not always consistent timewise with mail service, and some documents have not been served by email at all, or they are being served after close of business. Of course, this is problematic when calendaring deadlines as the deadlines are different depending on the method of service. I request that you either serve by email and mail on the same date, and that we agree to go by the method of service first made when determining deadlines when discovery is served by multiple methods on different dates.

Thanks.
Megan


From: Joel Smith <jsmith@bursor.com<mailto:jsmith@bursor.com>>
Date: Tuesday, May 30, 2017, 5:17 PM
To: Megan Oliver Thompson <moliverthompson@hansonbridgett.com<mailto:moliverthompson@hansonbridgett.com>>
Cc: Geoffrey R. Pittman <GPittman@hansonbridgett.com<mailto:GPittman@hansonbridgett.com>>
Subject: Re: Etourandtravel - deposition notices

Megan and/or Geoffrey,

We have much to meet and confer on after today's order.  Please let me know if we can schedule a call this week to get that done or at least start the process.

- deadline to complete production of the documents/email
- deadline to fully respond to Rog 11
- format of the call logs, etc.
- proposed dates for the 30(b)(6)/ Sonnone and Brannon depos
- ESI search terms
- I still have not heard back from you on documents responsive to RFP Nos. 46-47 or the screenshots
- I did receive the documents previously withheld under the settlement privilege, which I appreciate.  Unfortunately, they were inadvertently redacted.

Also, attached are interrogatories.  Thanks




On Wed, May 24, 2017 at 5:40 PM, Joel Smith <jsmith@bursor.com<mailto:jsmith@bursor.com>> wrote:
Can you please let me know when ETT will produce documents responsive to RFP Nos. 46-47, documents previously withheld under the settlement privilege objection, and screenshots of other websites?  Also, attached are some discovery docs served yesterday and on Monday via mail.

On Mon, May 15, 2017 at 9:28 AM, Joel Smith <jsmith@bursor.com<mailto:jsmith@bursor.com>> wrote:
Thanks, these edits are fine.  I'll get it on file shortly.  30(b)(6) and individual depos of Sonnone and Brannon are postponed and we can talk about alternative dates a little later down the road.

On another topic, can you please let me know when ETT will produce docs responsive to RFP Nos. 46-47?

On Mon, May 15, 2017 at 8:43 AM, Megan Oliver Thompson <moliverthompson@hansonbridgett.com<mailto:moliverthompson@hansonbridgett.com>> wrote:
Joel,  Not the case.  I apologize for not responding sooner, but was fully engaged in back-to-back all-day meetings when your follow-up email came through on Wednesday, and I just received sign-off on the stipulation from my client this morning.  We propose a couple minor edits in the attached, which I assume will not be a problem.  With this stipulation, please confirm the depositions scheduled for next week will be postponed to a later date.

Thank you.
Megan

From: Joel Smith [mailto:jsmith@bursor.com<mailto:jsmith@bursor.com>]
Sent: Monday, May 15, 2017 8:18 AM

# Exhibit 3



Joel Smith <jsmith@bursor.com>

## Mbazomo / ETourandTravel

**Joel Smith** <jsmith@bursor.com>  Wed, Jun 14, 2017 at 10:20 AM
To: Megan Oliver Thompson <moliverthompson@hansonbridgett.com>

Megan, thank you for speaking with me today.  As discussed today and last week, I can't agree at this time to stall discovery on the documents at issue in the motion to compel, and ask again that on Friday, you provide the custodian list and potential dates in late July for depositions, with the assumption that all documents will be produced by then.

However, one subject that came up briefly on the call was the possibility of extending time on the responses to the pending written requests that are due next week (i.e., Defendant's second set of rogs and doc requests, and first set of rfas to P; and P's second set of rfa's to Def).  To close the loop on that, the parties have typically agreed to brief extensions on written discovery in the past, so if Defendant wants, I am open to a mutual extension of the due dates to June 29, when Def's responses to plaintiff's Rog #18 is due.  That way all pending written discovery gets served at the same time.  Please let me know your preference.
[Quoted text hidden]
--
Joel D. Smith
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: jsmith@bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.